Lena M. ANDERSON,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 74–3099.

United States Court of Appeals,
Ninth Circuit.

Dec. 5, 1975.

Rehearing and Rehearing
En Banc Denied
Feb. 12, 1976.

Lena M. Anderson, in pro per.

Scott P. Crampton, Asst. Atty. Gen. of Tax Div., U. S. Dept. of Justice, Washington, D. C., for respondent-appellee.

## OPINION

Before WRIGHT and GOODWIN, Circuit Judges, and CARR,* District Judge.

PER CURIAM:

On this appeal from a Tax Court judgment finding an income tax deficiency, we affirm in part and remand for a minor correction.

The self-employed taxpayer derives her income from investments in real estate and corporate stocks. On her 1967 tax return, she took deductions for expenses associated with her management duties, for state property taxes and she reported a long-term capital gain from a sale of stock. The Commissioner having determined that a tax deficiency existed, Ms. Anderson petitioned the Tax Court for a re-determination.

■ That court sustained the Commissioner's determination that the stock sale should have been reported as a short-term capital gain, not long-term. We agree because the taxpayer had not held the stock for more than six months. The date of purchase is not included in determining the holding period. The period ends on the date of sale, the trade date, and not the settlement date as taxpayer contends.

■ The taxpayer's deduction of $500 for maintaining an office in her home was challenged and reduced by the Commissioner to $112, based on a computation of the number of square feet in the home and the portion used as an office. The Tax Court increased it to $224 after re-examining the floor space involved. The taxpayer had the burden of proof that the determination of the deficiency was wrong and did not sustain the burden. The findings of the Tax Court were not clearly erroneous. *Commissioner v. Duberstein*, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

■ The taxpayer deducted $1,500 for her use of an automobile, based on her estimate that she drove 15,000 miles on business matters. The Commissioner reduced the allowance to $120 and the Tax Court raised it to $254.40 while crediting her with the full 15,000 miles. This computation was plain error and should be corrected on remand.

■ The taxpayer's deduction of $4,795.52 for real estate taxes was challenged and reduced to $1,052.52 by the Commissioner and adjusted by the Tax Court to $2,428.25. No other amount could be substantiated because taxpayer could produce no records to show that she paid additional taxes during the year in question on property for which she has been assessed. The finding was not clearly erroneous.

■ Taxpayer's belated claim of casualty losses of more than $129,000 was first made in her brief, no such deduction having been made on her 1967 return nor claimed in her Tax Court petition. There having been no evidence presented on it, that court properly refused to consider the claim, as do we.

Affirmed in part and remanded for correction of the allowance for automobile mileage.

* Senior District Judge, Central District of California.